UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 7/30/2026

In re:
FIRESTAR DIAMOND, INC., et al.,

Debtors.

NIRAV MODI,

Plaintiff-Appellant,

- against -

RICHARD LEVIN, Trustee for the Liquidating Trust of Firestar Diamond, Inc.,

Defendant-Appellee.

25 Civ. 9434 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Appellant *pro se*, Nirav Modi, seeks leave pursuant to 28 U.S.C. § 158(a)(3) and Rule 8004 of the Federal Rules of Bankruptcy Procedure to appeal from an October 15, 2025 order and decision (the "Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which granted the motion of Richard Levin, the liquidating trustee for Firestar Diamond Inc.'s liquidating trust (the "Trustee"), to deem admitted certain matters stated in the Trustee's first set of requests for admission. *See* Mot., ECF No. 2; Order, *In re Firestar Diamond, Inc.*, No. 18-10509, 2025 WL 2938041 (Bankr. S.D.N.Y. Oct. 15, 2025). For the reasons stated below, Modi's motion is denied.

## BACKGROUND

The facts of this appeal are thoroughly discussed in the Order, and, therefore, the Court sets forth only those facts relevant to Modi's motion. *See* Order at *1–2.[1]

[1] Citations to the Order use the pages of the order as published on Westlaw.

The debtor, Firestar Diamond, Inc. ("Firestar"), operated a wholesale jewelry business in New York. *See* Opp. at 2, ECF No. 3. Modi owned and controlled Firestar and numerous other affiliated jewelry businesses in the United States, India, Belgium, Hong Kong, the United Kingdom, and Dubai. *See id.* Firestar and two of Modi's other jewelry businesses filed Chapter 11 petitions in the Bankruptcy Court on February 26, 2018. *See id.* Shortly before Modi filed the Chapter 11 cases, Punjab National Bank "filed a complaint against Modi and several of his associated entities in India [with India's Central Bureau of Investigation], alleging 'the largest bank fraud in Indian history.'" *Id.*; Order at *1. Modi is currently incarcerated in England pending extradition to India, where he will face criminal charges. Opp. at 2.

In March 2019, the Trustee filed a complaint against Modi and two co-defendants for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, and violations of the Racketeering Influenced Corrupt Organizations Act. *Id.* About eighteen months later, the Bankruptcy Court granted a motion from Modi's then counsel, Patterson Belknap Webb & Tyler LLP, to withdraw as counsel, and Modi proceeded *pro se*. *See id.*; *see also* Opp. at 3 (indicating that Modi informed his former counsel that he "cannot pay for the cost of the [f]irm's representation of him in th[e] adversary proceeding and that he is prepared to proceed *pro se*, or potentially, with substitute counsel"). Modi later retained new counsel, who again withdrew, and he has continued to proceed *pro se*. *See* Opp. at 4.

On March 28, 2025, the Trustee served requests for admission ("RFAs") on Modi at his former prison, HMP Wandsworth, and then, on April 2, 2025, served the same RFAs at his then-current prison, HMP Thameside. *See* Opp. at 8 & n.5. On April 24, 2025, the Bankruptcy Court held a discovery status conference, during which Modi stated he had not been served with the RFAs. *Id.* at 8. The Trustee confirmed that he would re-serve the RFAs, and the Bankruptcy Court directed Modi to contact the Trustee's counsel at the Jenner & Block LLP London office to confirm receipt of the

materials. *See id.* The Bankruptcy Court further warned Modi that if he failed to provide a timely response to the RFAs they would be "deemed admitted for [the] purposes of the case." *Id.* at 8–9. The Bankruptcy Court asked Modi if he had any prospect of retaining counsel because it was a "serious case," to which Modi responded that he did not have the funds to do so. *Id.* at 9. On April 28, 2025, the Trustee sent a letter to Modi attaching the same RFAs. *See* Opp. at 9; ECF No. 3-1 (RFAs without attachments); ECF No. 3-2 (RFAs with attachments). On May 9, 2025, Modi contacted the Trustee's counsel via telephone and confirmed receipt of the RFAs. *See* ECF No. 3-3 (email summarizing call); ECF No. 3-4 (May 12, 2025 letter from Modi to Trustee confirming receipt of the RFAs). Modi did not respond to the content of the RFAs. *See* Opp. at 10.

On September 8, 2025, the Trustee moved for an order deeming the matters stated in the RFAs as admitted (the "RFA Motion"). *See id.* at 10. The RFA Motion provided notice of a hearing on September 23, 2025, and the Trustee served Modi with the motion via courier and first-class mail. *See id.*; ECF No. 3-5 (RFA Motion proof of service). On September 14, 2025, Rikki Garg, one of Modi's U.K. lawyers, who is not representing Modi in any U.S. proceedings, emailed the Bankruptcy Court a letter containing Modi's untimely responses to the RFAs and requested that the Bankruptcy Court exercise its discretion pursuant to Federal Rule of Civil Procedure 36(b) to allow Modi to serve his responses to the RFAs late. *See* Opp. at 10; Fed. R. Civ. P. 36(b) ("Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."). The letter confirmed Modi received the RFAs on May 5, 2025, but did not respond to them based on the advice of "counsels in London." Opp. at 10.

On September 23, 2025, the Bankruptcy Court held a hearing on the RFA Motion, which Modi did not attend. *See id.* at 11. On October 15, 2025, the Bankruptcy Court entered the Order holding, *inter alia*, that the RFAs were deemed admitted. *See* Order at *4. On October 29, 2025,

Sheila Valecha—whom the Trustee claims is a "non-lawyer residing in the [U.K.]" and who "has disclaimed her authority to act for []Modi," including by "refus[ing] to accept inbound communication" on his behalf, Opp. at 11—emailed a copy of Modi's current motion to this Court and requested that it be docketed. *See* ECF No. 3-7 (Valecha email to S.D.N.Y. *pro se* filing). Modi's motion is unsigned and does not contain proof of service. *See* Mot.

Modi's motion states that "[a]lthough this statement appears typed and formally presented, the process of preparing it is extremely lengthy and tedious for [him]"; he claims that because he has no access to a computer or typing facilities in prison, he first wrote "the entire document by hand" and then had "a person outside the prison type[] [his] handwritten notes and input[] them into an [artificial intelligence ('AI')] tool to help format the document properly." *Id.* at 2. The Trustee contends that the legal citations in the motion "appear[] to be AI-generated" and that although "most of the cited cases exist, they generally do not support the propositions stated" and that at least one case citation "includes a non-existent quotation." Opp. at 12. Modi now seeks leave for an interlocutory appeal of the Order. *See generally* Mot.

**DISCUSSION**

I. Legal Standard

District courts exercise appellate jurisdiction over final bankruptcy court orders. *See* 28 U.S.C. § 158(a)(1). "Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (cleaned up); *see also In re Barnet*, 737 F.3d 238, 244 (2d Cir. 2013). A district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court. *See* 28 U.S.C. § 158(a)(3).

"[C]ourts [in] this Circuit generally apply the standard for certifying an interlocutory appeal set forth in 28 U.S.C. § 1292(b) to determine whether to exercise discretion under 28 U.S.C.

§ 158(a)(3)." *In re LATAM Airlines Grp. S.A.*, No. 22 Civ. 2556, 2022 WL 1471125, at *10 (S.D.N.Y. May 10, 2022). "Under [§] 1292(b), leave to appeal should be granted only if the relevant order[:] (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* (quotation marks omitted) (citing 28 U.S.C. § 1292(b)). "This standard is strictly applied as interlocutory appeals from bankruptcy courts' decisions are 'disfavored' in the Second Circuit." *In re Liddle & Robinson, L.L.P.*, No. 20 Civ. 865, 2020 WL 4194542, at *4 (S.D.N.Y. July 21, 2020) (citation omitted); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529–30 (S.D.N.Y. 2014) ("[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.") (cleaned up).

II. <u>Analysis</u>

As an initial matter, the Court addresses the various procedural issues with Modi's motion. First, the motion fails to comply with the undersigned's Individual Practices in Civil *Pro Se* Cases. Rule VI reminds "all parties" of "their obligation to provide the Court with accurate and complete representations in any pleading, written motion, or other paper submitted to the Court" pursuant to Federal Rule of Civil Procedure 11. Rule VI further requires a party using "generative artificial intelligence" for any submission to confirm for themselves "that the submission and all source material within, is accurate and in compliance with the obligations of Rule 11." Federal Rule of Civil Procedure 11 requires, *inter alia*, accurate representations to the Court and signed motions. *See generally* Fed. R. Civ. P. 11. Modi's motion fails to comply with both the undersigned's Individual Practices and Rule 11. For example, on page 21, Modi argues that the Order violates "fundamental notions of fair play" and cites *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) for the quotation. Mot. at 21. That quotation does not, however, appear in *Cohen*. The Court is also

concerned by what appear to be AI-generated legal citations that do not support the propositions in the motion. *Compare, e.g.*, Mot. at 18 (citing *Traguth v. Zuck*, 710 F.2d 90 (2d Cir. 1983) for the proposition that "the Second Circuit held that courts must give special solicitude to pro se prisoners to prevent unfair technical dismissals"), *with Traguth*, 710 F.2d at 95 (setting aside default judgment in case involving a *pro se* defendant, who was not incarcerated, where default was not willful). In addition to issues with legal citations, Modi neither signed the motion, nor included proof of service, as required by Federal Rule of Bankruptcy Procedure 8011(e) and (d)(3). *See* Fed. R. Bankr. P. 8011; *see generally* Mot.

Next, Modi's motion fails to demonstrate circumstances warranting interlocutory review of the Order. Modi argues that the Order presents four legal questions suitable for interlocutory appeal, including (1) "[w]hether the Fifth Amendment's privilege against self-incrimination limits the operations of" Rule 36 "in a U.S. bankruptcy adversary proceeding" when Modi faces criminal prosecution in foreign jurisdiction; (2) whether an admission under Rule 36 may be accessed or used by foreign prosecutors; (3) whether the Bankruptcy Court has authority under Rule 36 to "conclusively deem matters admitted against" Modi; and (4) whether the Bankruptcy Court may deny withdrawal of admissions when the requirements of Rule 36(b) are met. Mot. at 14–15.

Although the two Fifth Amendment privilege questions may involve controlling questions of law and materially affect the outcome of the bankruptcy proceeding if some responses to the RFAs cannot be deemed admitted, *see In re Kossoff PLLC*, No. 21 Civ. 7122, 2021 WL 4523484, at *1 (S.D.N.Y. Sep. 30, 2021) (citation omitted), there is no substantial ground for difference of opinion on the issues. The law is clear—"[a]n admission under [Rule 36] is not an admission for any other purpose and cannot be used against the party in any other proceeding." Fed. R. Civ. P. 36(b). Further, "the Supreme Court ha[s] held that 'concern with foreign prosecution is beyond the scope of the Self–Incrimination Clause of the Fifth Amendment.'" *In re Grand Jury Subpoena of Elbarasse*,

No. M11-189, 1998 WL 879700, at *3 (S.D.N.Y. Dec. 15, 1998) (alterations adopted) (quoting *United States v. Balsys*, 524 U.S. 666, 669 (1998)).

Modi's third and fourth questions regarding the Bankruptcy Court's application of Rule 36 do not raise a "a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 673 (S.D.N.Y. 2011) (quoting *In re Adelphia Commc'ns Corp.,* 333 B.R. 649, 658 (S.D.N.Y. 2005)). The Court agrees with the Trustee that these issues are not appropriate for interlocutory review because they cannot be resolved without further consideration of the relevant facts. *See, e.g.*, Order at *2–3 (including detailed consideration of the factual record to determine the sufficiency and timing of service of the RFAs and whether withdrawal or amendment of deemed admissions is appropriate under Rule 36(b)). The Bankruptcy Court's "routine application of law" under Rule 36 to the factual record "does not present an issue of pure law and is thus inappropriate for interlocutory review." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 23 Civ. 992, 2023 WL 5671544, at *3 (S.D.N.Y. Sep. 1, 2023) (citation omitted); *see also In re Towers Fin. Corp.*, 164 B.R. 719, 721 (S.D.N.Y. 1994) ("Questions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding—the bankruptcy judge.").

The Court also concludes that Modi has not shown "exceptional circumstances" which warrant leave to appeal. *In re Liddle & Robinson, L.L.P.*, 2020 WL 4194542, at *4; *see also In re Lehman Bros. Holdings Inc.*, 2014 WL 3408574, at *1 ("The Second Circuit has noted that Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to rule on

ephemeral questions of law that might disappear in the light of a complete and final record.") (cleaned up). Accordingly, Modi's motion for leave to appeal is DENIED.

## CONCLUSION

For the reasons stated above, Modi's motion for leave to appeal is DENIED, and this action is DISMISSED. The Clerk of Court is directed to terminate the motion at ECF No. 2 and to close the case.

SO ORDERED.

Dated: July 30, 2026
New York, New York

ANALISA TORRES
United States District Judge